UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

MADELYN HERNANDEZ

CASE NO. 2:25-cr-5-TPB-KCD
18 U.S.C. § 1343
(Wire Fraud)
18 U.S.C. § 1956(a)(1)(B)(i)
(Money Laundering)

## INFORMATION

The United States Attorney charges:

### COUNTS ONE THROUGH THREE
(Wire Fraud – 18 U.S.C. § 1343)

#### A. Introduction

At all times material to this Information:

1. Defendant, MADELYN HERNANDEZ, was a resident of the Middle District of Florida.

2. Defendant, MADELYN HERNANDEZ, was employed by a textile and apparel supply chain company originally headquartered in New York and later virtually operated (hereinafter "Victim 1"). Since 2004, the Defendant resided in the Middle District of Florida while working remotely for Victim 1.

3. Cape Prints was a business which Defendant, MADELYN HERNANDEZ, created on or about August 29, 2019, with a registered address in Cape Coral, Florida, that purported to be a fabric supply company located in Wilmington, North Carolina.

4. Bank One was a federally insured financial institution headquartered in Cincinnati, Ohio, with branch banks located through the State of Florida, including the Middle District of Florida, as well as other states.

5. Bank Two was a financial institution whose deposits were federally insured by the National Credit Union Administration, a federal agency that insures credit union accounts.

### B. The Scheme to Defraud

6. From in or about 2018, through in or about May of 2024, in the Middle District of Florida, and elsewhere, the defendant herein:

MADELYN HERNANDEZ,

did knowingly and intentionally devise, and intend to devise, a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises related to a material fact, by wire fraud in violation of Title 18, United States Code, Section 1343.

### C. Manner and Means of the Scheme

7. It was part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, would and did create and submit false invoices of purported goods ordered from suppliers, vendors, and third parties to Victim 1 for payment.

8. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, would and did falsely represent to Victim 1 that goods, supplies, and fabrics purchased from a supplier were being held

in inventory until shipped and delivered to a customer for payment.

9. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, would and did create Cape Prints on or about August 29, 2019, and the defendant submitted false and fraudulent invoices from Cape Prints representing that monies were owed by Victim 1 for products ordered, produced, and delivered by Cape Prints to Victim 1.

10. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, would and did on or about September 5, 2019, open a bank account held in the name of Cape Prints at Bank One to conceal that the defendant controlled the account to which Victim 1 wired money to pay a purported supplier. Also the account was created to receive the fraudulently obtained payments from Victim 1.

11. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about January 30, 2020, emailed false invoice number R72981-20 dated January 29, 2020, from Cape Prints for payment in the amount owed of $20,292.50, with remittance instructions to Fifth Third bank account, purportedly for goods ordered and sold to Victim 1.

12. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about June 23, 2020, emailed false invoice number R20975-20 dated June 8, 2020, from Cape Prints for payment in the amount owed of $9,813.49, with remittance instructions to Fifth Third bank account, purportedly for goods ordered and sold to Victim 1.

13. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about August 11, 2020, emailed false invoice number R21023-20 dated July 21, 2020, from Cape Prints for payment in the amount owed of $45,832.50, with remittance instructions to Bank One account, purportedly for goods ordered and sold to Victim 1.

14. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about September 18, 2020, emailed false invoice number R21322-20 dated September 1, 2020, from Cape Prints for payment in the amount owed of $47,272.95, with remittance instructions to Bank One bank account, purportedly for goods ordered and sold to Victim 1.

15. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about October 20, 2020, emailed false invoice number R21780-20 dated October 2, 2020, from Cape Prints for payment in the amount owed of $41,476.23, with remittance instructions to Bank One bank account, purportedly for goods ordered and sold to Victim 1.

16. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about December 28, 2020, emailed false invoice number R217860-20 dated November 26, 2020, from Cape Prints for payment in the amount owed of $30,667.16, with remittance instructions to Bank One bank account, purportedly for goods ordered and sold to Victim 1.

17. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about June 14, 2021, emailed

false invoice number R41532-21 dated June 8, 2021, from Cape Prints for payment in the amount owed of $41,895.00, with remittance instructions to Bank One bank account, purportedly for goods ordered and sold to Victim 1.

18.   It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about April 4, 2023, emailed false invoice number R702105-23 from Cape Prints for payment in the amount owed of $53,247.50, with remittance instructions to Bank One bank account, purportedly for goods ordered on or about January 30, 2023, and sold to Victim 1.

19.   It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, would and did submit false invoices, beginning in or about 2018 through in or about 2024, purporting money due and owing to a defunct company that Victim 1 had a genuine business relationship with until the defunct company closed in or about 2021, in which the Defendant, MADELYN HERNANDEZ, falsely represented that Victim 1 had ordered and received goods from the defunct company.

20.   It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about April 12, 2024, emailed false invoice number 10-58132 dated April 11, 2024, from the defunct company for payment in the amount owed of $64,362.04, with remittance instructions to a bank account controlled by the defendant, purportedly for goods ordered and sold to Victim 1.

21. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, on or about June 27, 2024, in an attempt to conceal the fact that an invoice submitted was fraudulent, would and did, email a fictitious and altered proof of delivery to Victim 1.

22. It was further part of the scheme and artifice to defraud that the Defendant, MADELYN HERNANDEZ, would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of acts performed in furtherance of the scheme to defraud.

23. It was further part of the scheme to defraud and to obtain money that the Defendant, MADELYN HERNANDEZ, misappropriated and converted to her own uses, approximately $4 million belonging to Victim 1.

### D. The Wires

### COUNTS ONE THROUGH THREE

On or about the date set forth below, in the Middle District of Florida, and elsewhere, the defendant herein:

### MADELYN HERNANDEZ

having knowingly and willfully devised and intending to devise a scheme and artifice to defraud and to obtain money, for the purpose of executing such scheme and artifice to defraud and to obtain money, and attempting to do so, did knowingly transmit and cause to be transmitted by wire in interstate commerce, certain writings, signs, signals, pictures, sounds, and communications, as set forth below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| ONE | 9/18/2020 | An electronic mail through servers located outside the state of Florida to employee of Victim 1 in which Defendant attached false invoice R21322-20, dated September 1, 2020, for payment and represented that Victim 1 owed Cape Prints $47,272.95 for fabric purportedly purchased. |
| TWO | 06/14/2021 | An electronic mail through servers located outside the state of Florida to employee of Victim 1 in which Defendant attached false invoice R41532-21, dated June 8, 2021, for payment and represented that Victim 1 owed Cape Prints $41,895.00 for fabric purportedly purchased. |
| THREE | 04/12/2024 | An electronic mail through servers located outside the state of Florida to employee of Victim 1 in which Defendant attached false invoice 10-58132, dated April 11, 2024, for payment and represented that Victim 1 owed a company that was no longer in operation $64,362.04 for fabric purportedly purchased. |

In violation of 18 U.S.C. § 1343 and 2.

### E. **Money Laundering**

**COUNTS FOUR AND FIVE**
(Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))

1. Paragraphs 1 through 5 of Counts One through Three of this Information are hereby realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates listed below, in the Middle District of Florida and

7

elsewhere, the defendant,

MADELYN HERNANDEZ,

did conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | Date of Transaction | Amount | Nature of Transaction |
|---|---|---|---|
| FOUR | April 7, 2023 | $8,000 | Check No. 1023 made payable to Madelyn Hernandez, drawn on Cape Prints account at Bank One for account ending 6071, deposited into her Bank Two account. |
| FIVE | April 8, 2023 | $8,000 | Check No. 1025 made payable to Madelyn Hernandez, drawn on Cape Prints account at Bank One for account ending 6071, deposited into her Bank Two account. |

In violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## FORFEITURE

1.  The allegations contained in Counts One through Five of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. § 1343, the defendant,

MADELYN HERNANDEZ,

8

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. § 1956, the defendant,

MADELYN HERNANDEZ,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

4. The assets to be forfeited include, but are not limited to, an order of forfeiture in the amount of approximately $4,199,498.42, which represents the proceeds obtained by the defendant from the offenses.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(1).

ROGER B. HANDBERG
United States Attorney

By: *Yolande D. Viacava*
Yolande G. Viacava
Assistant United States Attorney

By: *Jesus M. Casas*
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division