UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:25-cr-5-TPB-KCD

MADELYN HERNANDEZ

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for an order of forfeiture against the defendant in the amount of $4,199,498.42, representing the amount of proceeds she personally obtained as the result of the wire fraud and money laundering offenses charged in Counts One through Three of the Information. In support, the United States submits the following.

**MEMORANDUM OF LAW**

I.  **Statement of Facts**

    A.  **Allegations Against the Defendant**

    1.  The defendant was charged in an Information with wire fraud, in violation of 18 U.S.C. § 1349 (Counts One through Three), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts Four and Five). Doc. 1.

    2.  The forfeiture allegations notified the defendant that, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the United States intended to forfeit any property constituting, or derived from proceeds the defendant obtained, directly or

indirectly, as a result of such violations, including, but not limited to, an order of forfeiture in the amount of $4,199,498.42. *Id.* at 8-9.

      **B.**      **Findings of Guilt and Admissions Related to Forfeiture**

      3.      The defendant pleaded guilty to Counts One through Five of the Information. Docs. 11, 14. The Court accepted the defendant's plea and adjudicated her guilty. Doc. 17. *Id.*

      4.      In her plea agreement (Doc. 4 at 21-28), the defendant admitted that she personally obtained $4,199,498.42 in fraud proceeds from the wire fraud offenses as charged in Counts One through Three of the Information.

      5.      Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant admitted and agreed that the United States was entitled to an order of forfeiture in the amount of $4,199,498.42, representing the amount of proceeds the defendant personally obtained as a result of the wire fraud offenses. Doc. 4 at 10-11. Moreover, the defendant agreed that the order of forfeiture should be final upon entry. *Id.* at 11-12.

**II.**      <u>Applicable Law</u>

      **A.**      **Forfeiture Statute**

The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. § 1343 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined

in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 1343. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

**B.      Court's Determination of Forfeiture**

Rule 32.2, Federal Rules of Criminal Procedure, governs the criminal forfeiture of property based on a defendant's conviction for the offense giving rise to the forfeiture. Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted, the Court must determine what property is subject to forfeiture under the applicable statute. Fed. R. Crim. P. 32.2(b)(1)(A). The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B).

Because the United States could not locate any of the specific property traceable to the defendant's offense, the United States seeks an order of forfeiture against the defendant in the amount of $4,199,498.42, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As the defendant has agreed, she personally obtained $4,199,498.42 in proceeds as a result of the offenses. If the Court finds that the defendant obtained at least $4,199,498.42 as a result of his participation in the wire

fraud offenses and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, enter an Order of Forfeiture against the defendant in the amount of $4,199,498.42.

The United States further requests that, in accordance with his Plea Agreement (Doc. 4 at 11-12), the order of forfeiture become final as to the defendant at the time it is entered.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Finally, the United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

                                                Respectfully Submitted,

                                                ROGER B, HANDBERG
                                                United States Attorney

By:    *s/James A. Muench*
        JAMES A. MUENCH
        Assistant United States Attorney
        Florida Bar Number 472867
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        (813) 274-6000 – telephone
        E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                                *s/James A. Muench*
                                                JAMES A. MUENCH
                                                Assistant United States Attorney