UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

Vs..                                                              CASE NO. 2:25-cr-5-TPB-KCD

MADELYN HERNANDEZ

### DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR VARIANCE

Comes Now the Defendant, MADELYN HERNANDEZ , by and through her undersigned attorney, and would respectfully submit this Sentencing Memorandum, all changes as stated in this memorandum to the Pre-Sentence Investigation Report (PSR) dated March 13, 2025, and asks the Court to adopt the factual findings as amended by letter, as requested by the Office of Probation on March 28, 2025.  The Defendant is also requesting a reduction from the United States Sentencing Guidelines (USSG) in the above-referenced case, and would state in support as follows:

1. The Defendant pled guilty on January 28, 2025, to all counts of an Information charging the Defendant with Wire Fraud and Money Laundering. The dollar amount of her criminal activity was enumerated in the counts of Information, and the Defendant has agreed to pay restitution to the victim, noted as D.R.in the PSR.

2. The PSR recommends a reduction in the Defendant's sentencing guidelines for acceptance of responsibility, pursuant to USSG Section 3E1.1, and the PSR reflects that reduction. (Paragraphs 38 and 39.)

3. The PSR scores the Defendant as a Criminal History Category I, based on the

1

Defendant having no criminal record of any kind throughout her entire life. The Defendant is now 49 years of age.

4. The defense would respectfully request that the Court consider in sentencing the Defendant's resolution of the case by Information. The Defendant accepted responsibility in a timely manner, thereby eliminating the need for a trial or lengthy negotiations. There were many meetings between the Defendant and the undersigned attorney to have the Defendant first come to an understanding of the criminal justice system, and a full review of the evidence, as the Defendant's gambling addiction at the time of the criminal activity was so severe she did not fully understand how much money she had gone through and the amount of restitution. The Defendant accepted the resolution proposed by and agreed to by the Government that this case be resolved by Information, due to that understanding of the enormity of the loss the victim suffered. The Defendant completely understands the crime she has committed and its impact on the victim, as well as on her family and her future. She is an intelligent and conscientious person, who is now facing her addiction and taking positive steps toward rebuilding her life. She is dedicated to the repayment of the restitution owed to the victim of the offenses.

### The Defendant and Title 18 U.S.C. Section 3553 Factors

5. As stated, the Defendant is 49 years of age without any prior criminal record. Her extensive medical care history is outlined in the PSR. She needs continued care for her serious depression and anxiety mental health issues, as well as for the cirrhosis of the liver and her continued fight against cancer. Ms. Hernandez continually receives treatments for her mental issues with Cognitive Behavioral Therapy and Transcranial Magnetic Stimulation and has benefitted from those treatments. She is also being treated for

helicobacter pylon inflectional concerns regarding the severe abdominal pain she experiences as well as high blood pressure.

6. The defense would ask the Court to consider a variance in the Defendant's sentence from the sentencing guidelines score. After a complete lack of criminal record, the Defendant's life hit a devastating wall in her gambling addiction, and it affected every aspect of her life, including her honesty, her health, and her commitment to her family. She is re-dedicating her LIFE to assisting people with addictions, and has found a true calling in the important work of Salus Care. Ms. Hernandez went from no criminal activity to stealing from her employer of twenty-plus years to feed her addiction, and her life spun wildly out of control. As the Defendant puts it, her "personal struggles took her down an unknown and terrible road."

7. The Defendant would also ask for the opportunity to provide restitution, as noted in Title 18 U.S.C. Section 3553 (a)(7). She has a supportive family, and a deep sense of personal responsibility for the difficulties she has caused the victim, and her husband and children. The likelihood of her recidivism is non-existent.

.

.

WHEREFORE, the Defendant would request the above-requested considerations for a variance in the Defendant's sentence.

/s/ Douglas Molloy
DOUGLAS MOLLOY, ESQUIRE
MOLLOY LAW
Attorney for Defendant
1411 Bayview Court
Fort Myers, FL  33901

T: (239) 362-3194<br>
F:(239) 362-3248<br>
Email: douglasmolloy@molloylaw.net<br>
Fla. Bar No. 0316717

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Assistant United States Attorney Yolande Viacava, MDFL.

/s/ Douglas Molloy<br>
DOUGLAS MOLLOY, ESQUIRE
