UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 2:25-cr-5-TPB-KCD

MADELYN HERNANDEZ

**UNITED STATES' MOTION FOR PRELIMINARY
ORDER OF FORFEITURE FOR SUBSTITUTE ASSET**

The United States of America moves this Court under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(e)(1)(B), for a Preliminary Order of Forfeiture for the following real property, to be applied to the outstanding balance of the defendant's $4,199,498.42 order of forfeiture:

    a. The real property located at 812 27th Street, Union City, Hudson County, New Jersey 07087, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

    BEGINNING at a point in the northeasterly line of 27th Street (formerly Angelique Street), distant thereon 140.00 feet northwest of its intersection with the northwesterly line of Summit Avenue, and running thence;

        1)     N 60 deg. 30 min. W, 25.00 feet along the northeasterly line of 27th Street, thence;
        2)     N 29 deg. 16 min. E, 100.00 feet, thence;
        3)     S 60 deg. 30 min. E, 25.00 feet, thence;
        4)     S 29 deg. 16 min. W, 100 feet to the northeasterly line of 27th Street and to the point and place of beginning.

    The above description is drawn in accordance with a survey made by Arthur F. Mead, Jr., dated May 26, 1994.

>  The improvements thereon being known as 812 27th Street, Union City, New Jersey 07087
>
>  Tax ID: 39901880002.
>
>  Titled Owners: Rene Del Sol and Madelyn Hernandez.[1]

In support of its motion, the United States submits the following.

## MEMORANDUM OF LAW

**l.   Statement of Facts**

    **A.   Allegations Against the Defendant**

    1.   On February 11, 2025, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court entered an order of forfeiture against the defendant in the amount of $4,199,498.42. Doc. 20. In that Order, the Court stated that the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), forfeiture of any of the defendant's property up to the value of $4,199,498.42.

    2.   To date, no assets have been forfeited and no payments have been made by the defendant towards the order of forfeiture. The current balance remains $4,199,498.42.

**II.   Applicable Law**

    **A.   Forfeiture Statutes**

The Court's authority to order the forfeiture of substitute assets is found in 21 U.S.C. § 853(p), which provides that if property subject to forfeiture, as a result of

---

[1] The United States is only seeking to forfeit the defendant's interest in the real property.

any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; or has been commingled with other property which cannot be divided without difficulty, the court shall order the forfeiture of any other property of the defendant, up to the value of the forfeiture judgment. *See* 21 U.S.C. § 853(p)(1)-(2).

In addition, Rule 32.2(e)(1)(B) provides that on the United States' motion, the Court may at any time enter an order of forfeiture to include property that is substitute property that qualifies for forfeiture under an applicable statute. Unlike other types of forfeiture under section 853, there is no nexus or tracing requirement for the forfeiture of substitute property under section 853(p). *See United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) (Congress chose broad language providing that any property of the defendant may be forfeited as a substitute asset and that Courts could not carve out exceptions to the statute). Any of a defendant's property having less than or equal value to forfeitable property can be substituted where a defendant has concealed or disposed of the proceeds of the illegal activity or property derived from those proceeds. *See United States v. Reed*, 924 F.2d 1014, 1017-18 (11th Cir. 1991) (business building in defendants name which, after verdict of forfeiture, was encumbered and then transferred to third parties was forfeitable as substitute assets).

While certain criteria generally must be met before the United States can forfeit substitute assets, *see* 21 U.S.C. § 853(p)(1)-(2), the defendant's stipulation in this case to the forfeiture of substitute assets makes it unnecessary for such criteria to

3

be met. *See Borich v. United States*, No. CR. 03 166(JRT/FLN), 2005 WL 1668411, *3 (D. Minn. July 18, 2005) (defendant's agreement to forfeit money as a substitute asset made it unnecessary for the Government to show that it satisfied the "due diligence" requirement in § 853(p)).

The net proceeds from the forfeited real property, after payment of any valid liens,[2] will be credited towards the satisfaction of the defendant's order of forfeiture. Any remaining net proceeds, if any, after the payment of any valid liens and the satisfaction of the order of forfeiture, will be returned to the defendant.

### III.  Conclusion

The United States requests that the Court, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and Rule 32.2(e)(1)(B), enter a Preliminary Order of Forfeiture for the real property, in satisfaction of the defendant's Order of forfeiture.

Upon issuance of the Preliminary Order of Forfeiture for Substitute Asset, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party file a claim in an ancillary proceeding under Rule 32.2(c).

---

[2] Restitution was ordered by this Court at sentencing. Doc. 34.

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any other substitute assets forfeited to the United States up to the amount of the Order of forfeiture.

                                        Respectfully Submitted,

                                        GREGORY W. KEHOE
                                        United States Attorney

By:    *s/James A. Muench*
        JAMES A. MUENCH
        Assistant United States Attorney
        Florida Bar Number 472867
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        (813) 274-6000 – telephone
        E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

                                        *s/James A. Muench*
                                        JAMES A. MUENCH
                                        Assistant United States Attorney